JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

11 CV 5042

KLAJDI PLASARI,

                  Plaintiff,

-against-

DIVERSIFIED CONSULTANTS, INC.

                  Defendant.
-----------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED JUL 21 2011 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff KLAJDI PLASARI ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant DIVERSIFIED CONSULTANTS, INC. ("Defendant" or "DCI"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

**PARTIES**

       2.     Plaintiff is a resident of the State of New York, residing at 2786 Jerome Ave., Apt 1C, Bronx, NY 10468.

       3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant DCI is a Florida corporation engaged in business of collecting debts with its principal place of business located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256.

5. DCI is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, T-MOBILE, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to DCI for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Defendant places telephone calls from 201-942-4126, 201-942-4418, and 877-247-2144.

13. In or about May 2011, Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt and at that time left a voice mail message.

14. Defendant's voice mail message is the following: "Hello, please contact Diversified Consultants at 877-247-2144. There is an important matter that requires your immediate personal attention. Again, please contact Diversified Consultants at 877-247-2144. This call is an attempt to collect a debt and any information obtained will be used for that purpose only. Thank you. Goodbye."

15. Defendant violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Plaintiff's Mother Lindita Plasari overheard the Defendant's voice mail message.

16. Defendant caused the Plaintiff deep embarrassment and emotional stress when Plaintiff's mother Lindita Plasari inquired as to why Plaintiff was receiving phone calls from a debt collector and if Plaintiff is in serious trouble in violation of 15 U.S.C. §1692b and §1692c(b); §1692e-preface and (10) and §1692f-preface.

17. On or about June 7, 2011, Defendant placed another telephone call to Plaintiff and at that time Plaintiff spoke with Defendant through its authorized agent and debt collector "Demberly" regarding the alleged debt.

18. Defendant identified itself only as "Consultant's office."

19. Plaintiff was put into fear that Defendant DCI was an attorney's office or law firm.

20. Defendant failed to identify themselves as a debt collector.

21. Plaintiff was forced by Defendant to ask numerous times who "consultant's office" was and the purpose for Defendant's telephone calls.

22. Defendant failed to identify who "consultant's office" is.

23. Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

24. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

25. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendant communicated with Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

26. Defendant tried to hide and conceal the true business and company name when placing telephone calls to and discussing the alleged debt with Plaintiff.

27. Defendant advised Plaintiff that the balance due and owing on the alleged debt is $1,500.

28. Plaintiff does not owe $1,500 on the alleged debt.

29. Defendant violated 15 U.S.C. §1692e-preface, (2), and (10) and §1692f-preface and (1) by using an unfair and unconscionable means to collect a debt by attempting to collect an "amount due" not expressly authorized by the agreement creating the debt or permitted by law. Further, Defendant failed to disclose to Plaintiff "the amount of the debt", interest, fees, and other charges as further required by §1692g.

30. Defendant violated 15 U.S.C. §1692e-preface and (10); §1692f-preface; and §1692g by being deceptive, misleading and unfair by failing to send the debt validation notice as required by §1692g.

31. Defendant constantly and continuously placed automated calls with pre-recorded messages to Plaintiff in an attempt to collect the alleged debt.

32. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt.

33. Defendant caused Plaintiff's telephone to ring repeatedly and continuously with intent to annoy, abuse, or harass any person at the called number.

34. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish, stress, and emotional distress as a result of Defendant's harassment and actions.

35. Defendant violated the FDCPA.

36. Defendant violated the NYS General Business Law §349.

37. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a. 15 U.S.C. §1692b.

    b.    15 U.S.C. §1692c(b)

    c.    15 U.S.C. §1692d-preface, (5) and (6).

    d.    15 U.S.C. §1692e-preface, (2), (5), (10), (11), and (14).

    e.    15 U.S.C. §1692f-preface, (1), and (5).

    f.    15 U.S.C. §1692g.

40.    As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

41.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.    The Defendant violated NYS Gen. Bus. Law §349(a).

43.    As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KLAJDI PLASARI demands judgment from the Defendant DIVERSIFIED CONSULTANTS, INC. as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and General Business Law

    B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A);

and General Business Law

      C.      For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

      D.      For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3); and General Business Law

      E.      A declaration that the Defendant's practices violated the FDCPA and General Business Law

      F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff KLAJDI PLASARI hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

Dated:      July 18, 2011

                            Respectfully submitted,

                            By: _____
                            Allison Polesky, Esq. (AP5446)
                            LAW OFFICES OF ALLISON POLESKY, P.C.
                            511 Avenue of the Americas, Suite 712
                            New York, New York 10011
                            Phone:   (866) 479-9500
                            Facsimile: (866) 688-4300
                            Attorney for Plaintiff KLAJDI PLASARI